[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Alvin Barber appeals his convictions on four counts of nonsupport in violation of R.C. 2919.21(A)(2). Pursuant to Anders v.California,[1] Barber's appointed counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Barber's appeal.[2] Accordingly, he has filed a motion to withdraw and requests that we review the record independently to determine whether the proceedings in the trial court were free from prejudicial error.[3]
After reviewing the entire record, we hold that it is devoid of error and that there are no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
Although we hold that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Barber because he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] In Smith v. Robbins (2000), 528 U.S. 259, 120 S.Ct. 746, the United States Supreme Court recently held that the Anders procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals. At the time of this writing, however, theAnders procedure was still followed in Ohio.
[3] See Freels v. Hills (C.A.6, 1988), 843 F.2d 958.